IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEITH D. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:04-0761 |
| | ) | Judge Trauger |
| CITY OF NASHVILLE, BILL PURCELL | ) | Magistrate Judge Knowles |
| RONAL SERPAS, Chief, | ) | |
| DEBORAH FAULKNER, JOSEPH BISHOP, | ) | |
| RICK LANKFORD, NEIL WOLFE, STEVEN | ) | |
| ANDERSON, TODD HENRY, ALLEN HEROLD, | ) | |
| MICKY MILLER, JOHN DONEGAN, | ) | |
| BELL HOLLOW LIMITED PARTNERSHIP, | ) | |
| HURD REAL ESTATE ASSOCIATES, | ) | |
| BELL HOLLOW APARTMENTS, and | ) | |
| CHERYL ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

The Magistrate Judge has issued three Reports and Recommendations, recommending the granting of dispositive motions for various defendants. (Docket Nos. 61-63) The plaintiff did not respond to any of these dispositive motions. The plaintiff has filed a single-page Objection to these Reports and Recommendations. (Docket No. 64)

The court must make a *de novo* determination of any portion of the Magistrate Judge's disposition to which a specific written objection is made, and the court may accept, reject or modify the recommended decision. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), FED. R. CIV. P.

For the most part, the plaintiff's objections do not speak to the grounds for the recommended rulings in these Reports and Recommendations; the plaintiff merely makes

1

arguments that he might have made in opposition to these dispositive motions, had he responded to them.  The plaintiff's arguments do not overcome the sound reasoning contained within the Magistrate Judge's rulings.  The plaintiff raises one new issue, and that is that the recommended dismissals are *sua sponte* actions of the court, which they are not; the recommendations are all being made pursuant to motions made by the various defendants in this case.  So this objection is without merit.

Despite the filing of no responses, for all of these motions, the Magistrate Judge engaged in a lengthy analysis. The court now will examine the arguments made by the plaintiff in his Objection.  With regard to the Motion for Summary Judgment filed by defendants Wolfe and Herold, the statement of undisputed facts must be taken as true because it was not responded to.

The plaintiff appears to argue that Officer Wolfe's entry into the apartment at the request of the apartment manager without a warrant was improper and "shocks the conscience."  The record establishes that Officer Wolf entered the plaintiff's apartment at the request and in the company of the apartment manager, who had a key.  Officer Wolfe conducted no search at that time; he merely confirmed for the apartment manager that what she suspected was marijuana, was, in fact, marijuana.  Officer Wolfe then left and secured a search warrant.  Officer Herold, in fact, did not enter the apartment at all until the search warrant had been secured.

In all likelihood, the apartment manager who admitted Officer Wolfe to the plaintiff's apartment with a key had the authority to do so under the lease.  That would constitute consent of a proper third party, eliminating any violation of the Fourth Amendment.  *Harajli v. Huron Township*, 365 F.3d 501, 506 (6th Cir. 2004).  However, even if the landlord did not have authority to consent to the search, the search is still valid under the Fourth Amendment if Officer

2

Wolfe reasonably believed that the landlord had authority to bring him into the apartment to identify the marijuana. *Illinois v. Rodriguez*, 497 U.S. 177, 186-189 (1990). The facts presented in Officer Wolfe's Motion for Summary Judgment establish that he did have that belief, and the court finds it a reasonable one.

Next, the plaintiff appears to argue that his claim has merit because the drug case against him was dismissed. That claim might have relevance to some other causes of action, but it has none to the § 1983 claim dismissed in these recommended rulings.

The plaintiff's last argument is a bare, unsubstantiated allegation that "Private individuals who conspired with the state official [sic] are acting under the color of law." (Docket No. 64) There is absolutely no proof in this record of a conspiracy between a private individual and a state official, such that any private individual was acting under state law. The Magistrate Judge's analysis on this point was complete and sound. Moreover, the cases that support the initial entry of Officer Wolfe into the apartment with the manager likewise govern this conspiracy argument.

For the reasons expressed herein, the Objection filed by the plaintiff is **OVERRULED**. The Reports and Recommendations are **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, all defense motions will be granted. The Motion to Dismiss filed by defendant Metropolitan Government of Nashville and Davidson County (Docket No. 35) is **GRANTED**, and the claims against defendant Metro are **DISMISSED**. The Motion for Summary Judgment filed by defendants Wolfe and Herold (Docket No. 46) is **GRANTED**, and the claims against defendants Wolfe and Herold are **DISMISSED.** The Motion to Dismiss filed by defendants Bell Hollow Limited

3

Partnership, Hurd Real Estate Associates, LLC, Bell Hollow Apartments, and Cheryl Anderson (Docket No. 42) is **GRANTED**, and the claims against these defendants are **DISMISSED**.

All defendants having been dismissed from this case, this case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED.**

Enter this 19th day of September 2005.

                                                                               ALETA A. TRAUGER
                                                                               U.S. District Judge

4